IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **PLANT THERAPY, LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**WOOLZIES, INC.,**<br><br>Serve at:<br>    17 Gilman Terrace<br>    Spring Valley, NY 10977<br><br>and<br><br>**WOOLZIES HOME ESSENTIALS INC.,**<br><br>Serve at:<br>    25 Ellish Parkway<br>    Spring Valley, NY 10977<br><br>    Defendants. | Case No. 4:22-cv-00223<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK
INFRINGEMENT, FALSE ADVERTISING,
TRADEMARK DILUTION, and UNFAIR COMPETITION**

COMES NOW Plaintiff Plant Therapy, LLC ("Plaintiff"), by and through its undersigned counsel, and states for its Complaint against Defendants Woolzies, Inc. and Woolzies Home Essentials Inc. ("Defendants") the facts set forth below. Plaintiff demands a jury trial on all causes of action against Defendants.

**SUMMARY OF THE ACTION**

1. Plaintiff manufactures essential oil products and distributes them globally. For

years, Plaintiff has advertised and sold an essential oil product under the trademark GERM FIGHTER. Plaintiff's GERM FIGHTER product is an immunity-boosting essential oil that is an alternative to alcohol-based hand sanitizers such as "Germ-X" or "Purell."

2.     Plaintiff's GERM FIGHTER product is especially important for customers who want to cleanse their hands but are sensitive to alcohol-based sanitizers. Plaintiff started using GERM FIGHTER as a trademark in 2008. Plaintiff registered GERM FIGHTER as a trademark with the United States Patent and Trademark Office ("USPTO") in 2012.

3.     Defendants are Plaintiff's direct competitors who also manufacture essential oil products and distribute them globally. Defendants created an identical immunity-boosting essential oil product named "Germ Fighter," and have placed it for sale online and in retail stores globally including, but not limited to, Wal-Mart and Amazon. Defendants' product is in close proximity to Plaintiff's product in retail stores.

4.     Defendants brazenly appropriated Plaintiff's GERM FIGHTER trademark to take business from Plaintiff and to capitalize on Plaintiff's ubiquitous advertising of its GERM FIGHTER product in the essential oil market. Defendants are selling their competing product using Plaintiff's trademark. Defendants are selling counterfeit "Germ Fighter" products. Defendants' theft of Plaintiff's trademark is malicious and in bad faith.

## THE PARTIES AND THE MARK

5.     Plaintiff is a foreign entity incorporated in Delaware with its principal place of business in Idaho.

6.     Plaintiff is the owner of U.S. Registration Number 4,229,226 for the standard character trademark GERM FIGHTER (the "Mark") for "essential oils for personal use."

Plaintiff first used GERM FIGHTER in 2008 in connection with the advertising and sale of its products. Plaintiff's trademark registration for GERM FIGHTER was issued by the USPTO on October 23, 2012.

7. Registration of the Mark by the USPTO on the Principal Register constitutes *prima facie* evidence of (1) Plaintiff's ownership of the Mark, (2) the validity of the Mark, and (3) Plaintiff's exclusive nationwide right to use the Mark in commerce in connection with the products recited in Plaintiff's trademark registration.

8. Plaintiff's trademark registration is incontestable by virtue of Plaintiff's filing and acceptance by the USPTO of the Section 15 Declaration on Incontestability. Therefore, Plaintiff's trademark registration is *conclusive* evidence of Plaintiff's ownership of the Mark, (2) the validity of the Mark, and (3) Plaintiff's exclusive nationwide right to use the Mark in commerce in connection with the products recited in Plaintiff's trademark registration.

9. Plaintiff has used the Mark continuously and publicly to promote and sell its immunity-boosting essential oil product across the globe. Plaintiff has invested large sums of money in promoting its product with the Mark through multimedia campaigns that have spanned many years.

10. Plaintiff's use of the Mark was, at all times relevant to this action, accompanied by the "circle R" designation, indicating its status as a registered trademark.

11. Defendant Woolzies, Inc. and Defendant Woolzies Home Essentials Inc. ("Defendants") are foreign entities who manufacture essential oil products and distribute them across the globe. Defendants are incorporated in New York.

12. Defendants, at all times relevant to this action, acted jointly and in concert with

each other.  Defendants are co-agents and each acted with the express approval of the other.

13. Defendants directly compete with Plaintiff for essential oil customers in Plaintiff's primary markets, including the St. Louis metropolitan area.

## JURISDICTION AND VENUE

14. The Court has original subject matter jurisdiction over this controversy pursuant to 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331, 1338, and 1367 because Plaintiff's claims arise under the Lanham Act, specifically 15 U.S.C. Sections 1114(1) and 1125.  The Court has pendent jurisdiction over Plaintiff's state law claims, as those claims arise out of the same facts and circumstances as the Lanham Act claims.  As such, the state law claims are joined with and substantially related to Plaintiff's Lanham Act claims.

15. Defendants are both subject to personal jurisdiction in Missouri because Defendants committed the tortious and illegal acts referenced herein in Missouri and because Plaintiff suffered harm from Defendants' tortious and illegal acts in Missouri. Defendants engaged in systemic and continuous business activity in Missouri as they sell a variety of essential oils to Missouri consumers both online and in physical retail stores.

16. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because the events giving rise to the claims occurred in this District.  Defendants engaged in trademark infringement and other Lanham Act violations in this District.

## FACTS COMMON TO ALL COUNTS AND CAUSES OF ACTION

17. Plaintiff, at all times relevant, has been the sole owner of trademark rights regarding the Mark and has never assigned any of those rights.  Plaintiff does not approve, and has never approved, of Defendants using "Germ Fighter" in any manner.

18. Plaintiff has used the Mark in commerce continuously since approximately 2008.

19. Plaintiff, at all times relevant, has supported the Mark with extensive multimedia advertising globally, including advertising that targets Missouri consumers.

20. Plaintiff, utilizing the Mark, has built up substantial goodwill among consumers globally, including Missouri.

21. Plaintiff routinely seeks to enhance and expand marketing for its GERM FIGHTER product. To that end, Plaintiff discovered sometime in August 2021 that Defendants were advertising and marketing a counterfeit "Germ Fighter" essential oil product.

22. Defendants' product had the label "Germ Fighter" on the front and was marketed as an immunity-boosting essential oil product (the "Offending Product").

23. The Offending Product's name was identical to Plaintiff's GERM FIGHTER product.

24. On August 30, 2021, Plaintiff sent Defendants a cease and desist letter demanding Defendants stop their use of the "Germ Fighter" name and all sales of the Offending Product.

25. As of the date of the Complaint, Defendants have ignored Plaintiff's demand and continue to use "Germ Fighter" to sell the Offending Product online and in physical retail stores. Plaintiff's GERM FIGHTER product and Defendants' Offending Product are in close proximity to each other in physical retail stores across the country.

26. Thus, Defendants' infringement of Plaintiff's Mark is willful, intentional, and in bad faith.

27. The Offending Product is reproduced below as it appeared on Wal-Mart's website as of the date of the Complaint:

 

28. Plaintiff's GERM FIGHTER essential oil product is reproduced below exactly as it appeared on Wal-Mart's website as of the date of the Complaint:

 

29. As of the date of the Complaint, when the search query "germ fighter essential oil" is typed into the search bar on Wal-Mart's website, Plaintiff's GERM FIGHTER product and the Offending Product appear at the top of the list:



30. As of the date of the Complaint, Defendants advertise the Offending Product on their website as "Woolzies Germ Fighter Oil Blend" and offer it for sale as a collection among other essential oil products:



31. Defendants have not recalled any Offending Product from any physical retail store.

32. Defendants use "Germ Fighter" for the purpose of attracting consumers and misleading those consumers into thinking that Defendants are associated with Plaintiff, or that

Defendants provide Plaintiff's GERM FIGHTER essential oil product.

33. Plaintiff has been damaged by Defendants' use of "Germ Fighter" such that:

   a. Plaintiff has lost customers, revenue, and goodwill to Defendants;

   b. Plaintiff has continued to make substantial expenditures promoting the Mark and Plaintiff has not gotten the benefit of those expenditures;

   c. Plaintiff has been forced to spend significant sums of money in an effort to reclaim its Mark from Defendants; and

   d. Plaintiff has not received the benefit of substantial expenditures it made to acquire the Mark.

**Count I - Trademark Infringement and Counterfeiting - Section 32 of the Lanham Act**

34. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

35. Defendants used "Germ Fighter" to offer their own similar but counterfeit essential oil product. The Offending Product literally has the words "Germ Fighter" labeled on the front.

36. Furthermore, as shown above, when a consumer would type in "germ fighter essential oil" into Wal-Mart's search bar, Plaintiff's GERM FIGHTER product and the Offending Product would appear close to each other.

37. Thus, consumers would be deceived into believing that the Offending Product is associated with, or the exact same as, Plaintiff's GERM FIGHTER product and/or the Offending Product is associated with Plaintiff, when in reality both are false.

38. Defendants, in using "Germ Fighter" to offer their counterfeit essential oil

product, caused confusion, mistake, or deception as to the source or sponsorship of Defendants' essential oil product. Defendants caused the consuming public to believe that Defendants' product has been approved by Plaintiff or that Defendants are legitimately connected with Plaintiff or authorized by Plaintiff to use "Germ Fighter" in connection with their products.

39. Defendants' use of "Germ Fighter" is also likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of the Offending Product in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

40. Plaintiff has been damaged by Defendants' infringement of the Mark and continues to suffer immediate and irreparable damage as long as Defendants' activity continues.

## Count II - Unfair Competition - Section 43(a) of the Lanham Act

41. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

42. Defendants used "Germ Fighter" in interstate commerce to compete with Plaintiff for customers from Missouri, and other areas across the globe.

43. Defendants made unauthorized use of "Germ Fighter" by using it on the Offending Product. This use of "Germ Fighter" was intended to exploit the Mark and Plaintiff's goodwill so as to increase business and sales for Defendants, and to lure essential oil customers away from Plaintiff and to Defendants.

44. Defendants' use of "Germ Fighter" is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff, or cause confusion, mistake, or deception by suggesting sponsorship or approval of the Offending Product by Plaintiff.

45. Defendants' offer for sale of the Offending Product on their website and Wal-Mart's website constitutes commercial advertisement or promotion that misrepresents the nature, characteristics, and/or qualities of the Offending Product and commercial activities by associating them with Plaintiff.

46. Plaintiff has been damaged by Defendants' use of "Germ Fighter."

### Count III - Trademark Dilution - Section 43(c) of the Lanham Act

47. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

48. By using "Germ Fighter" as the operative part of the Offending Product, Defendants have diluted the distinctive value of Plaintiff's Mark.

49. Plaintiff has been damaged by Defendants' dilution of the Mark and continues to suffer immediate and irreparable damage as long as Defendants' activity continues.

### Count IV - Trademark Infringement - Missouri

50. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

51. Defendants' unauthorized use of "Germ Fighter" is likely to cause confusion, mistake, or deception as to source, sponsorship, or approval of the Offending Product in violation of Mo.Rev.Stat. § 417.056.

52. Consumers of essential oil products, or at least a significant portion thereof, are likely to believe that the Offending Product is licensed by, sponsored by, connected with, authorized by, or related to Plaintiff.

53. Plaintiff has been damaged by Defendants' infringement of the Mark and

continues to suffer immediate and irreparable damage as long as Defendants' activity continues.

### Count V - Trademark Dilution - Missouri Anti-Dilution Act

54. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

55. By using "Germ Fighter" as the operative part of the Offending Product, Defendants have diluted the distinctive value of Plaintiff's distinctive Mark in violation of the Missouri Anti-Dilution Act, Mo.Rev.Stat. § 417.061.

56. Plaintiff has been damaged by Defendants' infringement of the Mark and continues to suffer immediate and irreparable damage as long as Defendants' activity continues.

### Prayer for Relief

Plaintiff respectfully requests that the Court enter judgment in its favor on all Counts, and that the Court specifically find that Defendants engaged in trademark infringement, unfair competition, and trademark dilution in violation of the Lanham Act and that Defendants engaged in trademark infringement and dilution in violation of Missouri law.  Plaintiff respectfully requests the Court enter judgment that Defendants acted willfully with respect to all violations of state and federal law.

Plaintiff respectfully requests that the Court permanently enjoin Defendants from using the Mark, or a name confusingly similar to the Mark, using the Offending Product for any purpose, and from infringing on Plaintiff's rights in the Mark.

Plaintiff respectfully requests that the Court require Defendants to provide an accounting to Plaintiff of all monies gained by them from the use of "Germ Fighter" and all profits earned by them since the start of their use of "Germ Fighter".

Plaintiff respectfully requests that the Court award it actual damages in an amount to be determined at trial, that the Court award Plaintiff three times the amount of its actual damages, Defendants' profits over the period Defendants have used the Offending Product, the costs of this action, attorneys' fees, and such other amounts as the Court deems just pursuant to 15 U.S.C. Section 1117(a).

Plaintiff respectfully requests that the Court award it three times the amount of Defendants' profits or Plaintiffs' damages, whichever is greater, together with a reasonable attorneys' fee and prejudgment interest pursuant to 15 U.S.C. Section 1117(b).

Plaintiff respectfully requests that the Court award it statutory damages of not less than $1,000 or more than $200,000 per counterfeit mark per type of good or service sold or offered for sale, or if the Court finds Defendants' use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold or offered for sale pursuant to 15 U.S.C. Section 1117(c).

Plaintiff respectfully requests all such other and further relief that the Court deems proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**VOYTAS LAW, LLC**

By: <u>/s/ Richard A. Voytas, Jr.</u>
Richard A. Voytas, #52046
7321 S. Lindbergh Blvd., Suite 101
St. Louis, MO 63125
Phone: (314) 380-3166
Email: rick@voytaslaw.com

*Attorney for Plaintiff*